IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY W. HEBURN, JR.

Plaintiff,

v.

Civil Action No.
6:13-CV-1091 (DEP)

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| FOR PLAINTIFF | |
| LEGAL SERVICES OF CENTRAL NY<br>472 South Salina Street<br>Suite 300<br>Syracuse, NY 13202 | CHRISTOPHER CADIN, ESQ. |
| FOR DEFENDANT | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | JASON P. PECK, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on November 25, 2014 during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: November 26, 2014
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------x

TIMOTHY W. HEBURN, JR.,

Plaintiff,

vs. 6:13-CV-1091

CAROLYN COLVIN, Commissioner of
Social Security Administration,

Defendant.

---------------------------------------------x

Transcript of a Decision held during a Teleconference on November 25, 2014, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff: LEGAL SERVICES OF CENTRAL NEW YORK
472 South Salina Street
Suite 300
Syracuse, New York 13202
BY: CHRISTOPHER CADIN, ESQ.

For Defendant: SOCIAL SECURITY ADMINISTRATION
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
BY: JASON P. PECK, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8547*

(The following is an excerpt from the proceedings held on 11/25/14.)

(In Chambers, Counsel present via telephone.)

THE COURT: All right. I appreciate excellent submissions by the parties.

The background of this case is as follows: The plaintiff was born in February of 1978, and is currently 36 years old. He was 34 years of age at the time of the administrative hearing in this matter. The record is a little bit equivocal as to whether he lives alone, which is indicated at pages 113, 134, and 140 of the administrative transcript, or instead lives with a girlfriend, as indicated at page 274 of the administrative transcript. He has a 10th grade education and has achieved a GED degree. He has no difficulty, however, in reading, additions or subtractions, and has achieved a BOCES conservation certificate. He drives but does not have an operable vehicle.

He was involved in a motor vehicle accident in March of 2010, resulting in lower back pain and neck pain. He was treated at the emergency room of St. Elizabeth's Hospital in Utica, New York. He currently treats with Dr. William Hall and in addition has been seen by Dr. Clifford Soults, a neurologist or neurosurgeon, and has had two visits in March and April of 2011 to the Adirondack Pain Management shortly after the -- approximately a year

after the accident.

He has been diagnosed as having disk herniation at L4-L5 and L5-S1 with severe spinal stenosis. He has treated conservatively including a brief period of physical therapy.

The plaintiff last worked as a cashier/stocker/deli at a convenience store. He left in 2006 when the store was sold. Since then he's worked "under the table" until the time of his accident in various convenience store settings.

Procedurally, the plaintiff applied for SSI benefits on October 12, 2010, asserting an onset date of March 13, 2010. At his request, a hearing was convened by Administrative Law Judge Bruce F. Fein on March 5, 2012. ALJ Fein issued a decision on June 8, 2012. That decision became a final determination of the agency when, on July 2, 2013, the Social Security Administration Appeals Council denied the request for review.

In his decision, the ALJ found no substantial gainful employment, found at step 2 that the plaintiff suffered from morbid obesity and degenerative disk disease with spinal stenosis, at step 3 found that those conditions did not meet or medically equal any of the listed presumptively disabling conditions.

After surveying the medical evidence, the ALJ concluded that plaintiff retained the RFC or residual functional capacity to lift and carry 10 pounds, to sit for a

total of six hours, to stand and walk for a total of six hours, to occasionally climb, balance, stoop, kneel, crouch, and crawl, and should avoid concentrated exposure to workplace hazards such as dangerous machinery and heights.

Applying that RFC finding and after determining that plaintiff could not perform his past relevant work, he concluded first that the nonexertional impairments experienced by the plaintiff did not sufficiently erode the job base upon which the grids were predicated and concluded based on the grids that a finding of no disability was warranted.

My task is to determine whether the Commissioner's determination is supported by substantial evidence and proper legal principles have been applied. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

First, addressing the first argument, at Step 2, I agree with the Commissioner that pain in and of itself is not a condition. It is a symptom of a condition. It is certainly a nonexertional impairment that should be considered in formulating an RFC and at Step 5, but it was not error in my view not to conclude that at Step 2 plaintiff also suffered from pain that was caused by one of the two impairments that were actually found at Step 2.

In terms of duty to develop the record, the

Commissioner's regulations require, of course, that ALJ develop a claimant's complete medical history for at least 12 months prior to the filing of an application for benefits and longer if necessary to reach an informed decision. In this case, there were no gaps in the record. Of course the duty becomes particularly acute if there are gaps but Dr. Hall's records appear to be complete and intact and I do not find that there was a duty to develop the record.

I'll note that Dr. Hall's reports of visits by the plaintiff seem to show steady improvement and also note that with one exception, March 25, 2010, shortly after the accident, he renders an opinion that the plaintiff can work. That's at 208 is the exception, but administrative transcript 205, 211, 219, 223, and 228 all indicate on March 17th, 2010, April 11, 2010, August 31, 2010, and September 24, 2010 respectively that plaintiff can work.

On July 14, 2010, Dr. Hall indicates that he will clear the plaintiff for work effective September 12 except repetitive bending, lifting, and carrying, that's at page 216 of the administrative transcript.

In terms of the residual functional capacity, I find it is supported by substantial evidence including the consultative report of Dr. Rivera who found no limitations experienced by the plaintiff to sitting and standing and only mild to moderate limitations to walking great distances.

The ALJ properly rejected and explained his rejection of Dr. Hall's medical assessment as totally inconsistent with his treating notes and the objective evidence. That includes the conservative treatment of the plaintiff, the fact that he himself acknowledged that he could work. He tried to get into VESID although he was slow to do that. At 217, Dr. Hall notes that the plaintiff had not yet contacted VESID. At 261 he notes that the plaintiff was not compliant with VESID followup.

The record is replete with references, again, to the fact that the plaintiff can work. I listed some but there are more that go right through to December 14, 2011, that's at page 296 of the administrative transcript.

The reports of plaintiff of his own pain level are also extremely modest. The most severe, of course, came right after the accident with one exception. On March 17, 2010 he rated his pain level at 7, that's at 204. A little more than a week later, on March 25, he rated it as a 4, that's at 209. A month later on April 21, 2010, it was a 2, that's at 210. It was a 2 again on July 14, 2010, that's at 214. It was a 1 on August 31st, 2010, that's at 217. And it went back up to a 2 on September 24, 2010, that's at 222, but that was the day after a police raid of his apartment where he was forcibly placed on his back. And it went to a zero on September 6, 2011, that's at 291. There was one exception,

he did note on January 14, 2011 that he had a pain level of 8, that's at 253.

So the combination of Dr. Hall's notes and Dr. Rivera's consultative exam in my view adequately support the Commissioner's RFC determination.

In terms of credibility, although it could have been a more robust discussion and it could have been and should have probably contained reference to plaintiff's daily activities, I believe that it satisfied minimally the requirements and is properly supported, based on the conservative treatment, the minimal physical therapy, the fact that the plaintiff declined injections although there was a reason given, and the fact that his pain complaints are not supported by his own reports to Dr. Hall.

Which brings us to Step 5. Obviously the plaintiff -- or the Commissioner bears the burden at Step 5. I believe that burden was met. The sit and stand option that is called for by the plaintiff is not supported. The minimal postural requirements of the RFC do not sufficiently erode the job base. For that I can cite Social Security Ruling 96-9p.

I note that there was also an indication of obesity, and I saw nothing in the record to suggest, assuming that plaintiff was morbidly obese at the time of the hearing when there's conflicting evidence as to the fact that he may

have lost weight and not been in that category the entire time, but I didn't see any reference in any of Dr. Hall's or Dr. Rivera's reports to suggest that that obesity presented additional limitations on plaintiff's ability to perform work-related functions.

Turning to the listing, I find that the criteria of Listing 1.04 were not met and the Commissioner's determination on that issue is supported by substantial evidence.

So in conclusion, I find the determination supported by substantial evidence, resulted from application of proper legal principles, and I will direct the entry of judgment on the pleadings in defendant's favor. Thank you both, and I hope you have a great Thanksgiving.

MR. PECK: Thank you, your Honor.

MR. CADIN: Thank you, your Honor, and hope you both also have a great Thanksgiving.

MR. PECK: You too, Chris.

THE COURT: Thanks.

(Proceedings Adjourned, 3:39 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 26th day of November, 2014.

/S/ JODI L. HIBBARD

JODI L. HIBBARD, RPR, CRR, CSR
Official U.S. Court Reporter